AMENDING BIRTH CERTIFICATES The State Department of Health cannot amend birth certificates in any manner other than those specifically set forth in 63 O.S. 1-321 [63-1-321] (1971). The Attorney General has considered your request for an opinion wherein you, in effect, ask the following question: Whether the State Department of Health can amend birth certificates in a manner not prescribed in 63 O.S. 1-321 [63-1-321] (1971)? Your question, therefore, involves the construction and interpretation of 63 O.S. 1-321 [63-1-321] (1971), which provides as follows: "1-321. Amendment of certificate or record. (a) A certificate or record registered under this Article may be amended only in accordance with this Article and regulations thereunder adopted by the State Board of Health to protect the integrity and accuracy of vital statistics records. (b) A certificate that is amended under this section shall be marked 'amended' (except as provided in paragraph (d) of this section.) The date of amendment and a summary description of the evidence submitted in support of the amendment shall be endorsed on or made a part of the record. The Board shall prescribe by regulation the conditions under which additions or minor corrections shall be made to birth certificates within one (1) year after the date of birth without the certificate being considered as amended. "(c) Upon receipt of a certified copy of a court order changing the name of a person born in this state and upon request of such person or his parent, guardian, or legal representative, the State Commissioner of Health shall amend the certificate of birth to reflect the new name. "(d) Upon request and receipt of a sworn acknowledgment of paternity of a child born out of wedlock signed by both parents, the Com missioner shall amend a certificate of birth to show such paternity if paternity is not shown on the birth certificate. Upon request of the parents, the surname of the child shall be changed on the certificate to that of the father. Such certificate shall not be marked 'amended.' " Thus, it is apparent from a plain reading of the above statute that the amendatory process must be perfected in the manner set forth in Section 1-321. An interpretation to the contrary would frustrate the primary purpose of the statute to protect the integrity and accuracy of vital statistics records. In the case of In re Guardianship of Campbell, 450 P.2d 203 (1966), the Court stated: "A cardinal principal of statutory construction is that where the language of a statute is plain and unambiguous and the meaning clear and unmistakable, there is no room for construction, and no justification exists for interpretative devices to fabricate a different meaning. . . ." In applying this rule, it is clear, therefore, that Section 63 O.S. 1-321 [63-1-321], supra, strictly limits the amendment to records only in accordance with Section 1-321, and the regulations adopted thereunder by the State Board of Health. It is, therefore, the opinion of the Attorney General that your question be answered in the negative, in that the State Department of Health cannot amend certificates or records in any manner other than those methods specifically set forth in 63 O.S. 1-321 [63-1-321] (1971). (Nathan J. Gigger)